IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br>*Plaintiff,*<br><br>v.<br><br>RAMON GARCIA-VASQUEZ<br>*Defendant.* | CRIMINAL NO. 21-478(ADC)<br><br>**SENTENCING MEMORANDUM** |

## **INTRODUCTION**



Ramon Garcia-Vasquez ("Mr. Garcia")- a 27-year-old, father-of-two Dominican national with a fourth-grade education- awaits sentencing for having committed a drug trafficking offense in 2021. Given the applicable USSC sentencing guidelines, the advisory guidelines sentencing range is from 70 to 87 months of imprisonment. After considering all sentencing factors in 18 U.S.C. § 3553(a), the parties have agreed to recommend a sentence at the lower end of the applicable guidelines range; that is, an imprisonment sentence of 70 months. Mr. Garcia hereby submits this memorandum to highlight the salient mitigating factors in support of the agreed-upon sentencing recommendation.

## <u>MR. GARCIA'S HISTORY AND CHARACTERISTICS SUPPORT THE SENTENCING RECOMMENDATION.</u>

### Mr. Garcia's poverty underlined his offensive conduct.



*Figure 1 Mr. Garcia with his parents in San Francisco de Macoris.*

Mr. Garcia was raised under poverty rates by his parents, along with four siblings, in a modest household in San Francisco de Macoris. His father has always worked as a house painter and his mother used to worked as a cleaning lady. As a child, Mr. Garcia had to walk to school for lack of transportation. At a young age, Mr. Garcia dropped out of school and began working to help his family. He learned to paint houses and worked with his father to contribute to the household needs. Before his arrest, he still lived with his parents.

Economic inequality is associated with crime.[1] Mr. Garcia's financial motivation to commit the offensive conduct, while illegal, was no venal.

### Mr. Garcia had learning "difficulties" and left school after fourth grade.

Mr. Garcia completed he fourth grade at San Martin de Porres, San Francisco de Macoris, DR. He had learning "difficulties," delays in reading and writing. At age 15, he got enrolled at "Escuela Manolo", a school for students with learning "difficulties", where he learned to read and write.

Young people with learning difficulties are at more risk of criminal behavior and incarceration.

---

[1] Kelly, M. Inequality and crime. *Rev. Econ. Stat.* **82**, 530–569 (2000).

**Mr. Garcia is  remorseful for his participation in the offense of conviction.**

During the presentence investigation interview conducted by U.S. Probation Officer Gaby Melendez-Yamamoto, Mr. Garcia "remarked that he feels remorse and regrets his decision."

Perhaps the most widely recognized extralegal punishment factor is a defendant's acknowledgment of guilt. "True remorse" involves a sincere expression of contrition for the commission of the offense. It might be expressed independently of an acknowledgment of guilt or in conjunction with it. Several writers have advocated the use of true remorse as a mitigator of punishment. Jeffrie Murphy writes that "[t]he repentant person has a better character than the unrepentant person."[2]

**Mr. Garcia has familial support.**

Mr. Garcia has the support of his parents and siblings. His three-year old daughter is his strongest motivator.



Families are a source of strength, personal direction, and hope; they are the essential building block of a free society and a moral culture. It is hard to think of a single factor that has a larger impact on the future and direction of a person's life than family. And in times of hardship or pain, family can bring care, relief, and comfort. Family support is a mitigating factor that reduces the risk of recidivism.

---

[2] . Jeffrie Murphy, *Repentance, Punishment, And Mercy*, In Etzioni & Carney, *Repentance: A Comparative Perspective* 143, 157 (1997)

**A sentence of 70 months will avoid unwarranted sentencing disparities.**

Codefendants Luis Guerrero-Puello and Alquendri Mota-Cote have each been sentenced to a term of imprisonment of 70 months. *See* docket entries 163, 196.

In fashioning an appropriate sentence, judges are directed by statute to consider " the need to avoid sentencing disparities among defendants with similar records who have been found guilty of similar conduct." *See* 18 U.S.C. § 3553(a)(6). While this provision is primarily aimed at national disparities rather than those between codefendants, the First Circuit has recognized that a sentence may be substantially unreasonable because of the disparity with the sentence given to a codefendant. *See* United States v. Reverol-Rivera, 778 F. 3d 363, 366 (1st Cir. 2015). *See* also United States v. Reyes-Santiago,804 F.3d 453 (1st Cir. 2015), citing United States v. Correa-Osorio, 784 F.3d 11, 28 n.25 (1st Cir. 2015) ("[S]entencers can consider disparities between codefendants, we have noted - -  even though § 3553(a)(6) chiefly addresses disparities among defendants nationwide."); United States v. Martin, 520 F.3d 87, 94 (1st Cir, 2008)("District courts have discretion, in appropriate cases, to align codefendant's sentences somewhat in order to reflect comparable degrees of culpability– at least in those cases where disparities are conspicuous and threaten to undermine confidence in the criminal justice system.")

RESPECTFULLY SUBMITTED.

I HEREBY CERTIFY that on this date I electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the parties of record.

In San Juan, Puerto Rico, on this 14th day of June 2024.

*S/Joannie Plaza-Martínez*
Joannie Plaza-Martínez, Esq.
USDC-PR 215604
1300 Ave. Atenas, Apt. 51
San Juan, PR 00926
Phone No. (787)433-0293
Email: lcdaplazamartinez@gmail.com